**KONDRAT, Appellant,**

v.

**BYRON et al., Appellees.**

[Cite as *Kondrat v. Byron* (1989), 63 Ohio App.3d 495.]

Court of Appeals of Ohio,
Lake County.

No. 88–L–13–160.

Decided July 31, 1989.

*Robert J. Kondrat, pro se,* appellant.

*Byron & Ryan Co., L.P.A.,* and *David E. Cruikshank,* for appellees.

FORD, Judge.

This is the latest appeal in a long line of actions filed by appellant Robert J. Kondrat against numerous parties and appellee Barry M. Byron. Appellee, as Law Director of the city of Willoughby Hills, and his law firm, Byron & Cantor, have been named in many of these proceedings. The underlying facts are not entirely clear; however, over the past eleven years, appellant has filed over eighty-five actions in various courts against over fifty-five different parties, including appellee and his partner, Abraham Cantor, Justice Frank D. Celebrezze, Judge Joseph Donofrio, Judge Joseph O'Neill, Judge Edward Cox and Judge Richard McQuade. Each of these actions allege any and/or all of the following: libel, slander, defamation, devaluation of appellant's property, conspiracy, obstruction of justice, extortion, false arrest, malicious prosecution and constitutional deprivations. Appellant has not been successful in pursuing any of these claims.

He has been warned repeatedly about filing similar suits dealing essentially with the same subject matter and issues. Attorney fees and other monetary sanctions have been unsuccessful in curtailing, let alone halting, the filing of these redundant actions.

On June 24, 1988, appellee Byron filed a motion for sanctions, injunctive relief and an award of attorney fees. Appellant failed to appear even though he received notice. The trial court granted the motion permanently enjoining appellant. Specifically, appellant:

" * * * is permanently enjoined from filing future *pro se* cases in the Common Pleas Court of Lake County, Ohio, wherein any of the following are named as defendants, Barry M. Byron individually or as the Law Director of the City of Willoughby Hills, Ohio; any other officials of the City of Willoughby Hills in their individual or public official capacity; any judicial officer of this state in their individual or judicial capacity; or any member of the firm of Byron and Ryan Co., L.P.A., unless Robert J. Kondrat shall first satisfy one of the following conditions:

"A. The offered filing carries with it the signature of an officer of the Court of Common Pleas of Lake County, Ohio, which signature is in compliance with Rule 11 Ohio Civil Rules of Procedure, or

"B. The offered filing is first submitted to a judge of the Common Pleas Court of Lake County, Ohio, for that judge to make an independent determination that the subject matter of the offered case does [not] arise out of and/or is not a duplication of the same or similar issues previously raised in prior cases filed by Rober J. Kondrat and that such action is properly venued[.] "

The trial court noted that many of the actions were not only duplicative and redundant, but were "harassing repetitious lawsuits." Additionally, appellee was awarded attorney fees in the amount of $6,434.25.

From this, appellant filed a notice of appeal.

In his brief, appellant failed to comply with App.R. 16(A) by providing a statement of the assigned error, a statement of the case and the argument. Furthermore, appellant failed to file a transcript, narrative statement or agreed statement of the record. Because of deficiencies, appellee, Byron, filed a motion to dismiss the appeal. While this court, pursuant to App.R. 12, could grant the dismissal, we elect to address the merits of the appeal.

The sole issue which appellant appears to be challenging is the court's granting of the permanent injunction barring him from filing *pro se* actions without approval of the court.

The standard of review for the appellate court regarding the granting of injunctions by a trial court is whether the trial court abused its discretion. In *Perkins v. Quaker City* (1956), 165 Ohio St. 120, 59 O.O. 151, 133 N.E.2d 595, the court in its syllabus held: "[I]njunction is an extraordinary remedy equitable in nature, and its issuance may not be demanded as a matter of strict right; *the allowance of an injunction rests in the sound discretion of the court and depends on the facts and circumstances surrounding the particular case * * *."* (Emphasis added.)

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148, 31 N.E.2d 855]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610]." *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. Accord *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Absent such a showing, this court cannot reverse.

In this cause, there is no such showing. The trial court had before it sufficient materials upon which to base its decision. Furthermore, as appellee notes, there is case law to support such actions. In *Rudnicki v. McCormack* (D.R.I.1962), 210 F.Supp. 905, at 909, the court noted:

" * * * [t]he time has come when it is necessary and appropriate that an injunction issue, both for protection of these and other public officials against unwarranted harassment, and for the protection of the records of this and other courts against the filing of frivolous and unimportant papers."

Further, in *In re Martin–Trigona* (D.Conn.1983), 573 F.Supp. 1245, at 1255, the court concluded:

"It cannot be imagined that the courts are utterly powerless to prevent Martin–Trigona from accomplishing his objective of inflicting harm upon the system for the administration of justice, defendants herein and countless others by continuing abuse of the legal process. The remedy here may be unique, but it is an appropriate response to what may well be a unique harm."

Further, in *Bd. of Cty. Commrs. v. Barday* (1979), 197 Colo. 519, at 522, 594 P.2d 1057, at 1059, it was stated:

"We recognize that the Colorado Constitution guarantees to every person the right of access to courts of justice in this state. Colo.Const. Art. II, Sec. 6. However, the right of access to courts does not include the right to impede the normal functioning of judicial processes. Nor does it include the right to abuse judicial processes in order to harass others. Where we find, as here, that a 'pro se' litigant's efforts to obtain relief in our courts not only hamper his own cause, but deprive other persons of precious judicial resources, we must deny his right of self-representation as a plaintiff. We note that only his right of self-representation is being denied, not his right of access to the courts; Mr. Barday is still free to proceed through an attorney of his choice, and he is still free to appear 'pro se' in his own 'defense.' Thus, this injunction works no infringement on respondent's constitutional rights."

This same position has been adopted in Ohio. In *Weltchek v. Weltchek* (July 31, 1981), Lucas App. No. L–80–311, unreported, 1981 WL 5737, the court, noting *Barday, supra,* stated, "We find the reasoning of the Colorado Supreme Court in the above cited case to be persuasive. Having balanced the various interests, we find that the injunction does not unduly infringe upon appellant's rights. We, therefore, find appellant's assignment of error not well taken."

Therefore, applying these cases and the unusual circumstances and facts of this cause, appellant's assignment is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and MAHONEY, J., concur.